IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LIPSCOMB,

    Plaintiff,                      No. CIV S-09-1182 GEB GGH P

    vs.

TROY BRIMHALL, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment filed June 16, 2010.

        Plaintiff has not filed an opposition to defendants' motion. In the order directing service filed August 20, 2009, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 230 (l). Defendants' notice of motion also directed plaintiff to Local Rule 230 for information regarding summary judgment.

        A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local

rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motion for summary judgment. In the alternative, the court finds that defendants' motion has merit.[1]

Accordingly, IT IS HEREBY RECOMMENDED that defendants' June 16, 2010 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:035
lips1182.46

---

[1] It also appears that plaintiff has not responded to requests for admissions which essentially negate plaintiff's case.